IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-78,809-01




EX PARTE RONALD BUDDY MAHAVIER, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 09-02-016-CRW-A IN THE 218th DISTRICT COURT
FROM WILSON COUNTY




            Per curiam. Hervey, J., not participating.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to forty years’ imprisonment. The Fourth Court of Appeals affirmed his conviction. 
Mahavier v. State, No. 04-10-00414-CR (Tex. App.–San Antonio, delivered June 1, 2011, pet.
ref’d).
            Applicant contends that his trial counsel rendered ineffective assistance because he failed to
request a jury instruction of self-defense against multiple assailants although there was sufficient
evidence to support such a charge. The Applicant further contends that, due to trial counsel’s failure,
only a single assailant defense charge was submitted to the jury. 
            The trial court, after conducting a live hearing, recommends that relief be granted. We
disagree. The record reflects the following evidence was presented at trial, in pertinent part:
1. Applicant provoked the altercation by:
 
a. knowing he was not allowed in the bar; 
 
b. not waiting to see from his friends if the owners had forgiven his prior
transgressions; 
 
c. refusing to leave when instructed and resisting his friend who was physically trying
to remove him from the premises; 
 
d. brandishing a knife and refusing to release it; 
 
2. testimony from multiple patrons in the bar that their physical involvement with Applicant
was an attempt to get him to release the knife; 
 
3. A police camera video showing Applicant laughing shortly after the incident and
attempting to corroborate his story with a friend who was also apprehended; and
 
4. Applicant received minor medical treatment that night for his injuries and was released
from the hospital in a short amount of time. 

            Even assuming counsel was deficient for not knowing the law regarding multiple assailant
jury charges and for failing to request that one be given, the record before this Court reflects that the
Applicant has not shown there is a “reasonable probability,” one sufficient to undermine confidence
in the result, that the outcome would have been different but for counsel’s deficient performance. 
Ex parte Scott, 190 S.W.3d 672 (Tex. Crim. App. 2006). 
 
Filed: October 30, 2013
Do not publish